**2015 UT App 43**

## THE UTAH COURT OF APPEALS

KIA LYN FADEL HODGSON, KRISTIN LOUISE FADEL, DOUGLAS
KELLY FADEL, AND KARA FADEL BURNETT,
Plaintiffs and Appellants,

*v.*

FARMINGTON CITY, ERIC MILLER, AND FARMINGTON CITY
BOARD OF APPEALS,
Defendants and Appellees.

Per Curiam Decision
No. 20141125-CA
Filed February 26, 2015

Second District Court, Farmington Department
The Honorable Thomas L. Kay
No. 120701027

George K. Fadel, Attorney for Appellants

Jody K. Burnett and Robert C. Keller, Attorneys
for Appellees

Before JUDGES GREGORY K. ORME, J. FREDERIC VOROS JR.,
and JOHN A. PEARCE.

PER CURIAM:

¶1      This is the second appeal by members of the Fadel family
(the Fadels) arising from Farmington City's (the City)
determination that the Fadels' barn (the Barn), which is used only
as a sign, violated a number of provisions of the Uniform Code for
the Abatement of Dangerous Buildings (the UCADB), *available at*
https://law.resource.org/pub/us/code/ibr/icc.ucadb.1997.pdf, and
that an abatement action was required. *See generally Hodgson v.
Farmington City*, 2014 UT App 188, 334 P.3d 484. The district court
agreed with the City. We affirm.

¶2      In the first appeal, the Fadels argued that the Barn is a sign and not a building subject to the UCADB. *See id.* ¶ 8 (citing the Uniform Code for the Abatement of Dangerous Buildings § 302 (1997) (providing that "any building or structure" that exhibits "any or all of the conditions or defects" described by the UCADB "shall be deemed to be a dangerous building")). The Fadels argued that in *Rock Manor Trust v. State Road Commission*, 550 P.2d 205 (Utah 1976), the Utah Supreme Court "conclusively determined that the Barn is a sign and that its holding makes the issue of whether the Barn is a sign or a structure res judicata." *Hodgson*, 2014 UT App 188, ¶ 9. We rejected that argument, stating that the supreme court "determined only that the Fadels' nonconforming use of the Barn as a sign was not extinguished by the fire and continued to be permitted pursuant to the Outdoor Advertising Act's grandfather clause." *Id.* We stated that the Fadels did not present any argument "explaining why the Barn could not be classified as both a structure and a sign." *Id.* Accordingly, we rejected the assertion that the Barn was not subject to the UCADB. *Id.*

¶3      In their first appeal, the Fadels also challenged the Notice and Order issued by the Farmington City Board of Appeals, claiming that it was insufficient because it gave them only the options to repair the Barn or demolish it and did not give them the third option under the UCADB, i.e., to vacate and secure the building against entry "'[i]f the building does not constitute an immediate danger to the life, limb, property, or safety of the public.'" *See id.* ¶ 10 (alteration in original) (emphasis omitted) (quoting the Uniform Code for the Abatement of Dangerous Buildings § 403). We concluded that the Fadels "ha[d] failed to explain how the potential remedy of vacating and securing the Barn was even a viable option under the circumstances, let alone a necessary one," and we held that the Notice and Order was sufficient. *Id.* We also rejected a challenge to the adequacy of the Board's factual findings regarding the dangerous conditions of the Barn. *Id.* ¶¶ 11–12. After determining that the findings were adequate, we concluded that the Fadels failed to satisfy their

burden to demonstrate that the findings were not supported by substantial evidence in the record. *Id.* ¶ 13. Considering the Fadels' final argument that the Board's decision did not adequately describe "the requirements to be complied with," we concluded that "the Board implicitly indicated its intent that the Fadels comply with the remedies outlined in the Notice [and Order]." *Id.* ¶ 14. We declined to disturb the decision of the Board, previously affirmed by the district court.

¶4      After their first appeal, the Fadels failed to comply with the Notice and Order and stated that they would not do so absent a further court order. The City filed a Motion to Allow Demolition of a Dangerous Structure. On November 24, 2014, the district court entered its Order on Farmington City's Motion to Allow Demolition of a Dangerous Structure (the Demolition Order), and the Fadels filed this second appeal. Despite having prosecuted their first appeal through the district court and this court, the Fadels claim that the Demolition Order is "the only final appealable order or judgment that is appealable as a matter of right" and further claim that the appeal raises new issues not previously considered. We disagree with both assertions. The Final Summary Judgment and Order of Dismissal appealed by the Fadels in their first appeal was a final appealable order. The Demolition Order enforced compliance with the Notice and Order after the Fadels' unsuccessful first appeal. This second appeal is therefore limited to a review of the Demolition Order.

¶5      The City moves for summary disposition, arguing that this appeal seeks to reargue issues determined in the first appeal. The Fadels again argue that the *Rock Manor Trust* case "confirms that the sign is a nonconforming use which survives governmental interference" and that the City cannot take action under the UCADB to require that it be repaired or removed. We rejected this argument in the first appeal. *Hodgson v. Farmington City*, 2014 UT App 188, ¶ 9, 334 P.3d 484. At the hearing on the motion to demolish the Barn, the district court clarified that issues regarding the Fadels' alleged right to relocate or replace the sign were not

before the district court and were separate from issues related to whether the Barn could be demolished as an unsafe structure.

¶6     The Fadels next argue that the "proceeding to demolish a sign structure requires substantial due process." In the first appeal, we rejected arguments challenging the due process afforded to the Fadels in the administrative and district court proceedings. *Id.* ¶¶ 5–6. Furthermore, the Fadels were afforded due process through the proceeding that resulted in the Notice and Order specifically requiring repair or demolition of the Barn within specified time frames and an appeal to the Board that included a hearing where the Fadels had an opportunity to call and cross examine witnesses. The Fadels then obtained judicial review by both the district court and this court. After the first appeal, the district court held an additional hearing on the City's motion to allow demolition of the Barn. The argument that the Fadels were not afforded substantial due process lacks merit.

¶7     In this appeal, the Fadels again argue that the district court erred in entering an order allowing demolition of the Barn rather than allowing them to vacate and secure the Barn, which they use only as a sign. In our earlier decision, we considered "whether the condition of the Barn makes it so dangerous that vacating and securing it is an inadequate remedy." *Id.* ¶ 9. We concluded that the Fadels had failed to explain how vacating and securing the Barn was "a viable option." *Id.* In addition, we rejected an argument that there was insufficient evidence to support the determination that the Barn was an unsafe structure. *Id.* ¶ 10.

¶8     The Fadels' argument in this second appeal that there were genuine issues of material fact related to the dangerous condition of the Barn is tied to a mischaracterization of the proceedings on the motion to demolish as a summary judgment proceeding rather than an enforcement proceeding. The district court's only summary judgment was affirmed in our 2014 decision in the Fadels' first appeal. Finally, the Fadels argue that the November 24, 2014 Order failed to satisfy rule 52(a) of the Utah Rules of Civil Procedure by

failing to include findings of fact. Any factual issues regarding the City's right to proceed to abate the dangerous condition of the building were resolved in the original proceedings that culminated with our decision in the first appeal. In addition, the Fadels failed to object to the form of the order. The proceedings on the motion to demolish were limited to a determination of whether an order was necessary to complete the proceedings.

¶9    The Fadels cannot reargue in this appeal issues that were determined in *Hodgson v. Farmington City*, 2014 UT App 188, 334 P.3d 484. We conclude that the district court did not err in entering the Order on Farmington City's Motion to Allow Demolition of a Dangerous Structure. Accordingly, we affirm.

————